UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMIS ARRENDONDO, | ) |
| Plaintiff, | ) |
| | ) 2:09-cv-02158-KJD -VCF |
| v. | ) |
| | ) **O R D E R** |
| D.W. NEVEN, *et al.*, | ) |
| Defendants. | ) |

Before the court is plaintiff Armis Arrendondo's Motion For Court Order Requiring Photocopy Service. (#30). Defendants filed an Opposition (#34), and plaintiff filed a Reply (#38).

Also before the court is plaintiff's Motion For Service By the Marshal's Service. (#35). Defendants did not file an Opposition.

**Motion For Court Order (#30)**

  **A.**  **Argument**

Plaintiff asks this court to order the Nevada Department of Correction (hereinafter "NDOC") personnel to "provide photo copy service to [him] in order [to ensure that] his constitutional right to meaningful access to the courts is not infringed upon." (#30). Plaintiff asserts that he requested copies from the NDOC, but that his request was denied because he needed "a court order for more copy work," as he had a balance of -$113.15. (#30 Exhibit 1). Further, plaintiff contends that the NDOC's copy policy "is hindering and has hindered [his] efforts in pursuing nonfrivolous legal claims." (#30). Additionally, he claims that the carbon paper supplied to make copies is inadequate, because if he needs to copy something he did not write, he is unable to do so. *Id.*

Plaintiff asserts in his motion that he is not asking for *free* copies, but is simply seeking a

$1,500[1] credit limit on his photocopy account to ensure he can prosecute his claims and appeal. *Id.* Since he is currently serving a life sentence with the earliest possibility of parole in 2016, he contends that the request is not unreasonable, as it provides him $280.00 per year in copying. (#38). Further, he asserts that he is aware that he will have to pay back any amount used, and anticipates doing so. *Id.* He submits to the court that the request for $1,500 is only in an attempt to avoid having to file additional motions with the court in the future. *Id.*

With regards to his need for the copies, plaintiff provides the court with several reasons. First, plaintiff demonstrates the amount of copies required for any appeal: pursuant to rule 21– an original and three copies, circuit rule 22-3 – an original and five copies, and a case being considered *en banc* – an additional 20 copies of the excerpts of record. *Id.* Second, he contends that since the library has eliminated many books, inmates must have case citations printed out. *Id.* Third, he asserts that since he is only permitted to spend one day a week for four and a half to five hours in the library doing research, it is best for inmates to purchase needed print outs so legal deadlines can be met. *Id.*

Furthermore, plaintiff asserts that he has been prejudiced in the past by the photocopy policy, when he was "unable to file a *nunc tunc* appeal when case #cv-04-00593-RLH was wrongfully dismissed." *Id.* Thus, he contends that the denial of copies unconstitutionally "denied" and "obstructed" his access to the courts. *Johnson v. Avery,* 393 U.S. 483, 485 (1969) (holding that a prisoner's right to access the courts may not be denied or obstructed.).

Defendants oppose the motion, and assert that $1,500 is excessive, unnecessary, would promote an abuse of privileges, and could possibly cause an inappropriate relationship with other inmates that don't possess such privileges. (#34). Specifically, the defendants take the position that since the defendants filed their motion for summary judgment and to dismiss (#23 and #25), plaintiff opposed the motion to dismiss (#31), and the time for opposing the summary judgment has expired, additional

---

[1] The court notes that plaintiff sought a $1,500 copy credit in his original motion (#30), but that he changed the amount to $1,400 in his reply (#38).

2

copies are unnecessary. (#34). Further, they assert that since the court has not ruled on these motions and plaintiff is not permitted to file any subsequent opposition to the summary judgment motion, the copies would only allow plaintiff to file frivolous motions and waste the court's time and resources. *Id.* Additionally, defendants argue that since plaintiff does not have any other cases pending in federal or state court, the additional copy funds are unnecessary. *Id.*

### B.     Relevant Law

Inmates have a "constitutional right to either assistance of a lawyer, or access to a law library." *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996). The law libraries in prison facilities are not ends themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(internal citations and quotations omitted.). However, this entitlement does not does not provide inmates with an endless supply of copies and research materials. See *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir.1983) ([B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Nevertheless, "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson,* 393 U.S. at 485.

### C.     Discussion

Here, plaintiff asserts that he needs additional photocopy credit because he has exhausted his photocopy funds. However, he does not have any other cases pending before this court or possess the need to file subsequent documents in this case until the court has ruled on the dispositive motions, and this court is not presiding over his underlying criminal case[2] for which he may seek an appeal. The court recognizes his right to access the court, but does not find that a $1,500 credit limit is required for him to do so. See *Johnson,* 393 U.S. at 485.

The court does, however, find that he is entitled to a limited photocopy credit increase. As

---

[2] Plaintiff asserts in his reply (#38) that he is "seeking justice" because he was "wrongfully sentenced under the Habitual Criminal Act." This court, however, did not sentence him and will not be taking part in his appeal.

3

1  addressed in the section below, plaintiff needs to serve eleven remaining defendants with the summons
2  and complaint (#35), and has been able to make only seven copies of the complaint (attached to the
3  motion #35, #35-1 and #35-2). Therefore, the court finds that plaintiff should be provided with
4  additional photocopy credit to accommodate the necessary copies, as to not deprive him of his
5  constitutional right to present him claims against the defendants. See *Johnson,* 393 U.S. at 485. Thus,
6  plaintiff is permitted at this time to make four additional complete copies of his complaint.

7        Further, in the event the dispositive motions are not successful and the plaintiff's complaint
8  survives, plaintiff may renew his motion for more copies. In said motion, the plaintiff shall provide the
9  court with a sworn affidavit stating how much credit he anticipates needing, excluding copies needed
10 in cases or appeals not before this court. As the court has already informed plaintiff (#17), it "will not
11 enter a blanket order directing prison officials to provide plaintiff...copies for all cases in all courts that
12 plaintiff might possibly wish to pursue."

13 **Motion For Service By The Marshals (#35).**

14       In plaintiff's motion for service by the marshals (#35), he reasserts his need for photocopy
15 credit, and demonstrates that he still has to serve eleven defendants with the summons and complaint,
16 but only had the funds to make seven copies of the complaint (attached to his motion #35, #35-1, and
17 #35-2). However, this argument is moot because, as discussed above, the court is permitting plaintiff
18 to make four additional copies of his complaint. Further, in plaintiff's motion, he also seeks an order
19 from the court requiring the marshals to complete service of the summons and complaint on the
20 remaining defendants. (#35).

21       A.    **Relevant Facts**

22     Plaintiff's second amended complaint (#18) identifies several defendants by name (hereinafter
23 "named defendants"), but also lists "John Doe #1," who worked in the mail room and "John Does #1-5,"
24 who were known as CERT and allegedly participated in abuse that occurred on February 5, 2010, as
25 defendants. On June 1, 2011, the Attorney General's (hereinafter "AG") Office filed a notice of

4

acceptance of service (#20) on behalf of several named defendants. However, the notice also indicated that the AG's Office was unable to accept service for Nielson, Robinson, Saavaneras, Atkin St. Rose LaVonne, Graham and Shaulis at that time, because they are "no longer employees for Nevada Department of Corrections, cannot be located as being employed by the Nevada Department of Corrections, or do not have a first name listed and cannot be identified among numerous current and former employees with the same last name." (#20). Subsequently, on June 28, 2011, the AG's Office filed another notice, this time indicating that they could not accept service for Robinson, Saavaneras, Atkin St. Rose LaVonne, Shaulis and Fortier at that time for the same reasons articulated in the first notice. (#21). On the same day, the AG's Office filed a notice of last known addresses of defendants Saavaneras, Shaulis, Atkin-St. Rose Lavonne, Robinson and Fortier. (#22).

In the defendants' motion for summary judgment (#25) filed on June 30, 2011, they attached an Incident/Staff Report (#25-1 Exhibit D) dated February 5, 2010, which revealed the identities of the officers that witnessed or took part in the events in question that occurred on that date: Officers Smith, Werlinger, Harrison, Mahon, Engstrom, and Barth. Thereafter, on August 15, 2011, plaintiff filed the present motion for the Marshals to serve these newly identified defendants and the other unserved defendants. (#35).

### B.     Discussion

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Here, several named defendants have not been served because the AG's Office was unable to accept service on their behalf. (#20 and #21). However, as the AG's Office provided the last known addresses for these defendants, the Marshals are able to re-attempt service on these defendants. (#22). Further, since the newly named defendants are allegedly currently employed at the NDOC (#25-1 Exhibit D), the Marshals may attempt to serve the AG's Office

5

1  on behalf of these individuals.

2  Accordingly, and for good cause shown,

3  IT IS ORDERED that plaintiff Armis Arrendondo's Motion For Court Order Requiring
4  Photocopy Service (#30) is GRANTED in part and DENIED in part, as discussed above. The Nevada
5  Department of Corrections shall increase plaintiff's photocopy credit limit insomuch as he is able to
6  make four additional copies of his complaint. **The Clerk shall send a copy of this order to the**
7  **attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box**
8  **7011, Carson City, NV 89702.**

9  IT IS FURTHER ORDERED that plaintiff's Motion For Service By the Marshal's Service (#35)
10 is GRANTED. **The Clerk of the Court shall deliver the seven copies of the complaint (attached**
11 **to the motion #35, #35-1 and #35-2) to the U.S. Marshal for service.** The U.S. Marshal shall attempt
12 service on defendants Saavaneras, Shaulis, Atkin-St. Rose Lavonne, Robinson and Fortier starting with
13 their last known addresses as identified in the notice filed on June 28, 2011 (#22). After the plaintiff is
14 able to make the additional copies of the complaint as ordered above, he shall have twenty (20) days
15 to furnish to the U.S. Marshal the copies of the complaint. Upon receipt of the copied complaints, the
16 U.S. Marshal shall attempt service upon the Attorney General's Office on behalf of defendants Smith,
17 Werlinger, Harrison, Mahon, Engstrom, and Barth.

18 IT IS FURTHER ORDERED that the Attorney General shall advise the Court within twenty-one
19 (21) days from being served whether she can accept service of process for the defendants. As to any
20 of the defendants for which the Attorney General cannot accept service, the Attorney General shall file,
21 under seal, the last known address(es) of those defendant(s). Any defendants for whom service is
22 accepted shall file an answer or other response to the amended complaint within thirty (30) days of the
23 notice of acceptance of service.

24 IT IS FURTHER ORDERED that, if service cannot be accepted by the Attorney General for a
25 defendant, then plaintiff must file a motion requesting service of the defendant by the Marshal's Service.

26

In the event that plaintiff needs to file such a motion requiring copying other than carbon copying, the Nevada Department of Corrections shall increase his photocopy limit in order for him to do so.

DATED this 25th day of October, 2011.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**

7